UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-81424-MIDDLEBROOKS/BRANNON

NICHOLAS PETER JOSLYN,

     Plaintiff,

v.

ESSENTIA NATURAL MEMORY
FOAM, INC.,

     Defendant.

_____/

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE (hereinafter "Agreement") is made and entered into by and between NICHOLAS PETER JOSLYN (hereinafter "Plaintiff"), and ESSENTIA NATURAL MEMORY FOAM, INC. (hereinafter "Defendant"). The term "Defendant" shall also collectively include all past and present owners, principals, officers, parents, successors in interest and assigns, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and their current or former officers, agents, representatives, fiduciaries, administrators, directors, stockholders, partners or employees, in both their individual and official capacities.

WHEREAS, Plaintiff has caused to be instituted a lawsuit against Defendant, alleging violations of the Fair Labor Standards Act, with said lawsuit pending in the United States District Court for the Southern District of Florida, and styled NICHOLAS PETER JOSLYN v. ESSENTIA NATURAL MEMORY FOAM, INC., Case No.: 16-CV-81424-DMM/BRANNON.

WHEREAS, Defendant denies it is liable to Plaintiff as alleged in the Complaint; and

WHEREAS, the parties prefer to avoid the uncertainties and expense of further litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the parties as follows:

1.    **No Admission.** This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendant of any liability whatsoever, or as an admission by Defendant of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendant specifically disclaims any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, duty, or contract.



1

2.    **Settlement Funds.**  Defendant agrees to pay Plaintiff and his attorney the total sum of $10,849.70 in the following manner:

A.    $1,500.00, less employment withholdings, to be made payable to NICHOLAS PETER JOSLYN, and to be delivered to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316, within twenty (20) business days from Plaintiff's execution of this Settlement Agreement and Mutual General Release, with all funds to remain in Trust until the Court approves the settlement and enters an order dismissing this case with prejudice, which shall represent Plaintiff's alleged unpaid overtime. Defendant shall issue to Plaintiff a form W-2 for said payment.

B.    $1,500.00, without withholdings, to be made payable to NICHOLAS PETER JOSLYN, and to be delivered to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316, within twenty (20) business days from Plaintiff's execution of this Settlement Agreement and Mutual General Release, with all funds to remain in Trust until the Court approves the settlement and enters an order dismissing this case with prejudice, which shall represent Plaintiff's alleged liquidated damages. Plaintiff shall bear responsibility for all taxes that may be due on this payment, and further indemnifies and holds Defendant harmless for all taxes that may be due on said payment, for which Defendant shall issue a 1099. Plaintiff will provide an executed Form 1099 to facilitate this payment.

C.    $7,849.70 to be made payable to Koz Law P.A., and to be delivered Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316, within twenty (20) business days from Plaintiff's execution of this Settlement Agreement and Mutual General Release, with all funds to remain in Trust until the Court approves the settlement and enters an order dismissing this case with prejudice, to which shall represent the Plaintiff's attorney's fees and costs. Plaintiff's counsel will provide Defendant's counsel with its Form W-9 to facilitate this payment.

3.    **Dismissal of Litigation.**    The parties agree to file a Joint Motion to Approve Settlement and Dismiss Case in the pending civil litigation and submit the settlement agreement to the Court for approval.

4.    **Complete Payment.**  It is expressly understood by Plaintiff that the obligations of Defendant contained in Paragraph 2 of this Agreement shall be in lieu of any and all amounts to which Plaintiff or any of his attorneys are now entitled to, based upon any claim whatsoever arising out of his employment with Defendant, except as expressly set forth herein. Plaintiff and his counsel remain responsible for the payment of their tax liability incurred from receipt of the payments as set forth above and agree to indemnify and hold harmless Defendant accordingly.

5.    **Release of Defendant.**  Plaintiff hereby unconditionally and irrevocably releases and forever discharges the Defendant, of and from, and agrees not to sue and not to assert against Defendant any causes of action, claims and demands whatsoever, at law, in equity, or before any agency or commission of local, state and federal governments, arising, or alleged to have arisen, or

2

which may arise under any common law theory and/or any law including, but not limited to, the Fair Labor Standards Act, the Equal Pay Act, federal, state, or municipal anti-discrimination laws such as the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, that the Plaintiff ever had, now has, or which his heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have, based on any set of facts known or unknown, occurring prior to, and including, the date of the execution of this Agreement.

6. **Release of Plaintiff.**  In exchange for Plaintiff entering into this agreement and for the other consideration herein, the Defendant releases Plaintiff from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that the Defendant once had or now has, whether arising out of Plaintiff's employment, prior to the date of this Release.  Such is a general release from the Defendant to Plaintiff. This Release is not intended to and does not release Plaintiff from any obligation he has under this Agreement.

7. **Non-Disparagement.**  The Defendant agrees that it shall provide any prospective employers of Plaintiff with a neutral employment reference (dates of employment and position held). The Parties shall hereafter refrain from and not annoy, harass, disparage or interfere with the business or personal affairs relating to the other or make any disparaging comments about the other to their family, friends, associates, and employees.  This includes, but is not limited to communication, directly or indirectly, by telephone, electronic, email, text, or any type of social networking media, including but not limited to Facebook, Twitter, MySpace, etc.

8. **Opportunity to Review.**  The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys, have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement. Plaintiff further represent that he thoroughly discussed all aspects of this Agreement with his attorneys, fully understands all of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.

9. **Entire Agreement.**  The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied on any representation or statement made by the party or by any of the parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

10. **Acknowledgment/Binding Agreement.**  Plaintiff acknowledges that he has read and understands this Agreement; that he has been provided an opportunity to consult with an attorney; that he fully and voluntarily agrees to all of the provisions stated herein; and that this Agreement constitutes a binding Agreement between the parties.

11. **Breach of Agreement.**      Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs, including attorney's fees and costs related to collections.  The parties agree that the court shall retain jurisdiction to enforce the terms of settlement.

12. **Severability.**  Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality,

validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

13.    **Execution and Electronic Transmission.**  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original instrument, and all of which shall constitute a single agreement. The signature of a party to any counterpart shall be sufficient to legally bind such party. The parties may remove the signature page from one counterpart and attach it to the other counterpart for the purpose of having a single document containing the signatures of all parties. Any party may effect the execution and delivery of this Agreement by signing the same and sending a copy thereof to the other via e-mail or facsimile transmission. Such e-mail or facsimile document, including the signatures thereon, shall be treated in all respects as an original instrument bearing an original signature.

[INTENTIONALLY LEFT BLANK – SIGNATURE PAGE TO FOLLOW]



THE FOREGOING TERMS AND PROMISES ARE AGREED TO BY:

_____    2/3/2017
NICHOLAS PETER JOSLYN                          Date

_____
ESSENTIA NATURAL MEMORY FOAM, INC.            Date

Print Name: _____
                 (on behalf of Essentia Natural Foam, Inc.)

Title: _____

5

NPJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-81424-MIDDLEBROOKS/BRANNON

NICHOLAS PETER JOSLYN,

      Plaintiff,

v.

ESSENTIA NATURAL MEMORY
FOAM, INC.,

      Defendant.

_____ /

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE (hereinafter "Agreement") is made and entered into by and between NICHOLAS PETER JOSLYN (hereinafter "Plaintiff"), and ESSENTIA NATURAL MEMORY FOAM, INC. (hereinafter "Defendant"). The term "Defendant" shall also collectively include all past and present owners, principals, officers, parents, successors in interest and assigns, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and their current or former officers, agents, representatives, fiduciaries, administrators, directors, stockholders, partners or employees, in both their individual and official capacities.

WHEREAS, Plaintiff has caused to be instituted a lawsuit against Defendant, alleging violations of the Fair Labor Standards Act, with said lawsuit pending in the United States District Court for the Southern District of Florida, and styled NICHOLAS PETER JOSLYN v. ESSENTIA NATURAL MEMORY FOAM, INC., Case No.: 16-CV-81424-DMM/BRANNON.

WHEREAS, Defendant denies it is liable to Plaintiff as alleged in the Complaint; and

WHEREAS, the parties prefer to avoid the uncertainties and expense of further litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the parties as follows:

1.    **No Admission.**  This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendant of any liability whatsoever, or as an admission by Defendant of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendant specifically disclaims any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, duty, or contract.

NPJ

1

2.    **Settlement Funds.**  Defendant agrees to pay Plaintiff and his attorney the total sum of $10,849.70 in the following manner:

A.    $1,500.00, less employment withholdings, to be made payable to NICHOLAS PETER JOSLYN, and to be delivered to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316, within twenty (20) business days from Plaintiff's execution of this Settlement Agreement and Mutual General Release, with all funds to remain in Trust until the Court approves the settlement and enters an order dismissing this case with prejudice, which shall represent Plaintiff's alleged unpaid overtime. Defendant shall issue to Plaintiff a form W-2 for said payment.

B.    $1,500.00, without withholdings, to be made payable to NICHOLAS PETER JOSLYN, and to be delivered to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316, within twenty (20) business days from Plaintiff's execution of this Settlement Agreement and Mutual General Release, with all funds to remain in Trust until the Court approves the settlement and enters an order dismissing this case with prejudice, which shall represent Plaintiff's alleged liquidated damages. Plaintiff shall bear responsibility for all taxes that may be due on this payment, and further indemnifies and holds Defendant harmless for all taxes that may be due on said payment, for which Defendant shall issue a 1099. Plaintiff will provide an executed Form 1099 to facilitate this payment.

C.    $7,849.70 to be made payable to Koz Law P.A., and to be delivered Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316, within twenty (20) business days from Plaintiff's execution of this Settlement Agreement and Mutual General Release, with all funds to remain in Trust until the Court approves the settlement and enters an order dismissing this case with prejudice, to which shall represent the Plaintiff's attorney's fees and costs. Plaintiff's counsel will provide Defendant's counsel with its Form W-9 to facilitate this payment.

3.    **Dismissal of Litigation.**   The parties agree to file a Joint Motion to Approve Settlement and Dismiss Case in the pending civil litigation and submit the settlement agreement to the Court for approval.

4.    **Complete Payment.**  It is expressly understood by Plaintiff that the obligations of Defendant contained in Paragraph 2 of this Agreement shall be in lieu of any and all amounts to which Plaintiff or any of his attorneys are now  entitled to, based upon any claim whatsoever arising out of his employment with Defendant, except as expressly set forth herein. Plaintiff and his counsel remain responsible for the payment of their tax liability incurred from receipt of the payments as set forth above and agree to indemnify and hold harmless Defendant accordingly.

5.    **Release of Defendant.**  Plaintiff hereby unconditionally and irrevocably releases and forever discharges the Defendant, of and from, and agrees not to sue and not to assert against Defendant any causes of action, claims and demands whatsoever, at law, in equity, or before any agency or commission of local, state and federal governments, arising, or alleged to have arisen, or

2

NPJ

which may arise under any common law theory and/or any law including, but not limited to, the Fair Labor Standards Act, the Equal Pay Act, federal, state, or municipal anti-discrimination laws such as the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, that the Plaintiff ever had, now has, or which his heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have, based on any set of facts known or unknown, occurring prior to, and including, the date of the execution of this Agreement.

6.      **Release of Plaintiff.**  In exchange for Plaintiff entering into this agreement and for the other consideration herein, the Defendant releases Plaintiff from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that the Defendant once had or now has, whether arising out of Plaintiff's employment, prior to the date of this Release.  Such is a general release from the Defendant to Plaintiff. This Release is not intended to and does not release Plaintiff from any obligation he has under this Agreement.

7.      **Non-Disparagement.**  The Defendant agrees that it shall provide any prospective employers of Plaintiff with a neutral employment reference (dates of employment and position held). The Parties shall hereafter refrain from and not annoy, harass, disparage or interfere with the business or personal affairs relating to the other or make any disparaging comments about the other to their family, friends, associates, and employees.   This includes, but is not limited to communication, directly or indirectly, by telephone, electronic, email, text, or any type of social networking media, including but not limited to Facebook, Twitter, MySpace, etc.

8.      **Opportunity to Review.**  The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys, have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement. Plaintiff further represent that he thoroughly discussed all aspects of this Agreement with his attorneys, fully understands all of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.

9.      **Entire Agreement.**  The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied on any representation or statement made by the party or by any of the parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

10.     **Acknowledgment/Binding Agreement.**  Plaintiff acknowledges that he has read and understands this Agreement; that he has been provided an opportunity to consult with an attorney; that he fully and voluntarily agrees to all of the provisions stated herein; and that this Agreement constitutes a binding Agreement between the parties.

11.     **Breach of Agreement.**      Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs, including attorney's fees and costs related to collections.  The parties agree that the court shall retain jurisdiction to enforce the terms of settlement.

12.     **Severability.**  Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality,

3

NPJ

validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

      13.    **Execution and Electronic Transmission.**  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original instrument, and all of which shall constitute a single agreement. The signature of a party to any counterpart shall be sufficient to legally bind such party. The parties may remove the signature page from one counterpart and attach it to the other counterpart for the purpose of having a single document containing the signatures of all parties. Any party may effect the execution and delivery of this Agreement by signing the same and sending a copy thereof to the other via e-mail or facsimile transmission. Such e-mail or facsimile document, including the signatures thereon, shall be treated in all respects as an original instrument bearing an original signature.

[INTENTIONALLY LEFT BLANK – SIGNATURE PAGE TO FOLLOW]

NPJ

THE FOREGOING TERMS AND PROMISES ARE AGREED TO BY:


_____          _____
NICHOLAS PETER JOSLYN                             Date


_____          02/03/17
ESSENTIA NATURAL MEMORY FOAM, INC.                Date

Print Name:   _Billy Voorabit_____
              (on behalf of Essentia Natural Foam, Inc.)

Title:   _VP,_____